■ KREMER CONSTRUCTION COMPANY, INC., Respondent-Appellant, v CITY OF YONKERS, Appellant-Respondent.—In an action to recover damages for breach of contract, the parties cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Westchester County, entered May 29, 1978, which, *inter alia,* denied that branch of the defendant's motion which was to dismiss the plaintiff's first cause of action and directed a verdict thereon in favor of plaintiff in a specific sum. Judgment modified, on the law, by deleting therefrom the third decretal paragraph thereof (which directed verdict in favor of plaintiff in the principal sum of $41,198.23) and substituting therefor provisions holding that the defendant is liable to the plaintiff under the first cause of action and directing that a new trial shall be held limited to the issue of damages only. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Trial Term for a new trial in accordance herewith. Upon the record before this court we find no error in the action of the trial court in amending the plaintiff's first cause of action, denominated as in breach of contract to one in *quantum meruit,* to conform the pleading to the proof adduced at trial. Defendant was neither surprised nor misled by the conversion (see CPLR 3025, subd [c]; *Diemer v Diemer,* 8 NY2d 206). Further, it is not apparent how reasonable minds could differ upon the issue of defendant's liability to pay for materials, approved by it, and actually supplied to the project site since no evidence and no substantial inferences exist to refute the fact of liability. However, it does appear that the directed verdict was in error insofar as it fixed the amount of damages since questions of fact relative thereto appear on the record. Hence, to that extent, the verdict must be modified. Titone, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.

■ MARINE MIDLAND TINKER NATIONAL BANK, Now Known as MARINE MIDLAND BANK, Appellant, v ATAIPA CONSTRUCTION CORPORATION et al., Respondents.—In an action on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County, entered April 3, 1979, which denied its motion, pursuant to CPLR 3213, for summary judgment in lieu of complaint. Order reversed, on the law, with $50 costs and disbursements, and motion for summary judgment in favor of the plaintiff is granted. With respect to the enforceability of the promissory note, executed by the defendant Ataipa Construction Corporation on November 13, 1974, and the prior guarantees, we find that there are no triable issues of fact which can defeat the plaintiff's motion for summary judgment. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.